**CARLSON & MESSER LLP**
David J. Kaminski (SBN 128509)
*kaminskid@cmtlaw.com*
Stephen A. Watkins (SBN 205175)
watkinss@smtlaw.com
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222

**MAC MURRAY & SHUSTER LLP**
LISA A. MESSNER, (*Pro Hac Vice* to be filed)
*lmessner@mslawgroup.com*
CHRISTOPHER C. WAGER, (*Pro Hac Vice* to be filed)
*cwager@mslawgroup.com*
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Facsimile: (614) 939-9954

Attorneys for Defendant,
TOBIAS & ASSOCIATES, INC.,
d/b/a GET ME HEALTHCARE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL SILVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOBIAS & ASSOCIATES, INC., d/b/a GET ME HEALTHCARE, *et al.*,<br><br>Defendants. | Case No. 4:20-cv-07382-JSW<br><br>Judge Jeffrey S. White<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT TOBIAS & ASSOCIATES, INC. TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, TO STAY; AND MOTION TO DISMISS OR STRIKE CLASS ALLEGATIONS**<br><br>Date:   **Friday March 5, 2021**<br>Time:  **9:00 a.m.**<br>Ctrm:  **5, 2nd Floor**<br><br>Compl. Filed: October 21, 2020<br>Trial Date:            Not Set |

{00144457;1}

Case No. 4:20-cv-07382
DEFENDANT'S MOTION TO DISMISS OR STAY AND TO DISMISS OR STRIKE CLASS ALLEGATIONS

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 5, 2021, at 9:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable District Judge Jeffrey S. White, located in Courtroom 5 of the United States Courthouse, 1301 Clay Street, Oakland, California 94612,[1] Defendant Tobias & Associates, Inc. d/b/a Get Me Healthcare ("Tobias") will and hereby does move this Court to dismiss Plaintiff's Complaint in its entirety and with prejudice, or in the alternative to stay this action.

This Motion to Dismiss is made pursuant to Fed. R. Civ. P. 12(b)(6) upon the grounds that Plaintiff Neil Silver ("Plaintiff") fails to state a claim upon which relief can be granted under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), because Plaintiff fails to allege sufficient facts to show that Tobias utilized an Automated Telephone Dialing System ("ATDS") to place the alleged calls. In the event that the Court does not dismiss the action, Tobias moves in the alternative for a stay pending the Supreme Court's decision in *Facebook, Inc. v. Diguid*, Docket No. 19-511, which will address the definition of an ATDS, the central threshold issue in this litigation. Moreover, Tobias moves to dismiss or strike certain of the class allegations pursuant to Fed. R. Civ. P. 12(b)(2) and 12(f) to the extent that the Court lacks personal jurisdiction over putative class members with no connection to the forum state.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

---

[1] Tobias understands that all motions are currently presented on the papers unless otherwise directed by the Court pursuant to General Orders 72 and 73, and that the Court's scheduling directive instructs to set motions for an available hearing date.

DATED: January 8, 2021      **CARLSON & MESSER LLP**

By     */s/* David J. Kaminski
       David J. Kaminski
       Stephen A. Watkins
       Attorneys for Defendant, Tobias & Associates, Inc.
       d/b/a Get Me Healthcare

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Complaint is premised entirely upon the legal theory that Defendant violated the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") by placing calls in violation of the law's prohibition on the use of an ATDS, as defined by *47 U.S.C. §227(a)(1)*, without obtaining prior express consent. (Complaint, ECF No. 1, ¶¶ 10,14.) However, although Plaintiff attempts to set forth a formulaic recitation of the elements of a TCPA violation, the Complaint is completely devoid of any *facts* that could lead to a plausible inference that Tobias violated the TCPA. Fatal at the pleadings stage, Plaintiff utterly fails to identify a single fact supporting the legal conclusion that Tobias used an ATDS in connection with any alleged phone calls.

In the event that the Court does not dismiss this action, Tobias moves in the alternative to stay the litigation pending the Supreme Court's forthcoming decision in *Facebook, Inc. v. Diguid*, which will resolve a circuit split regarding the definition of an ATDS.

In addition, the Complaint purports to certify a nationwide class of individuals against Tobias, a corporate citizen of the state of Florida. Because the Court lacks personal jurisdiction over putative class members with no connection to the forum state (i.e., that neither reside in California or received a call within the state's borders), the class should be stricken or dismissed as to those putative class members that are outside the jurisdiction of this Court.

## II. PLED FACTS

Plaintiff filed this action on October 21, 2020 alleging that Tobias violated the TCPA by contacting him on his cellular telephone via an ATDS without "prior express consent" beginning in or around January of 2020. (Compl. ¶ 1, 8, 14.) Plaintiff further alleges that the calls were not for emergency purposes and that he incurred a charge for incoming calls. (Compl. ¶ 11, 12.)

While Plaintiff has pled a legal conclusion related to the use of an ATDS, the Complaint does not plead any facts supporting that conclusion. Plaintiff's sole allegation regarding Tobias' alleged use of an ATDS is as follows:

> Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to sell or solicit its business services.

(Compl. ¶ 10.)  The remainder of the Complaint does not fare any better:  Plaintiff alleges that he received an unspecified number of telephone calls with no facts regarding the calls (i.e., whether the calls were answered, if a message was left, or the substance thereof).  (See, generally *Id*.)  Rather, Plaintiff simply concludes that the calls were "an effort to sell or solicit its services."  (*Id*. ¶ 8.)

### III.     PLAINTIFF FAILS TO STATE A CLAIM

#### *A.     Legal standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  Courts "need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Derby v. AOL, Inc.*, No. 15-CV-00452, 2015 U.S. Dist. LEXIS 70719, at *2 (N.D. Cal. June 1, 2015) (quotations and citation omitted).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (quotations and citation omitted).

To state a claim for a violation of the TCPA, a plaintiff must allege that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

#### *B.     The Complaint fails to plead any facts related to the alleged phone calls.*

The Complaint wholly lacks any detail about date(s), time(s), subject(s) or any other meaningful factual allegations related to the alleged phone calls and is otherwise completely vague.  The extent of allegations regarding the alleged calls goes no further than: "Beginning in or around

{00144457;1}                                    -2-                             Case No. 4:20-cv-07382-JSW
-DEFENDANT'S MOTION TO DISMISS OR STAY AND TO DISMISS OR STRIKE CLASS ALLEGATIONS

January of 2020, Defendant contacted Plaintiff on his telephone ending in -5583, in an effort to sell or solicit its services."  (Complaint, ¶ 8)

Plaintiffs' failure (or inability) to identify the number of times Tobias allegedly called him, the dates and times of the alleged calls, or any factual allegations plausibly suggesting that the calls were made by an ATDS are fatal to any claim that Tobias violated the TCPA.  *Sepehry-Fard v. MB Fin. Servs.*, Case No. 13-cv-02784, 2014 U.S. Dist. LEXIS 71568, at *7 (N.D. Cal. May 23, 2014) (granting dismissal where "Plaintiff does not plead facts in the FAC explaining why he believes that Defendant made the offending calls, nor does he describe the date, timing, or specific content of any of these calls, or why he believes that they were artificial or prerecorded"); *Leon v. Target Corp.*, Case No. 3:CV-15-01, 2015 U.S. Dist. LEXIS 34490, at *6-8 (M.D. Pa. Mar. 19, 2015) ("[T]he Complaint is bereft of even generalized factual allegations to put Target on notice of its purportedly unlawful conduct, i.e., the timing and/or the approximate number of offending calls"); *Wallack v. Mercantile Adjustments Bureau, Inc.*, Case No. 14-10387, 2014 U.S. Dist. LEXIS 53833, at *4-7 (E.D. Mich. April 18, 2014) ("[T]o satisfy the *Twombly*/*Iqbal* standard with respect to such a TCPA claim, a plaintiff must plead such facts as (i) the number of allegedly unlawful calls received, (ii) the approximate dates and times of these calls, and (iii) circumstances that would support the inference that these calls were placed with a automatic telephone dialing system or an artificial or prerecorded voice.").

Plaintiff's failure to allege meaningful facts regarding the frequency, time, and manner of the alleged phone calls is plainly insufficient to plead a TCPA claim, and warrants dismissal pursuant to Rule 12(b)(6).

**C.    *The Complaint fails to plead facts regarding the use of an ATDS.***

Most galling is Plaintiff's failure to allege a single fact other than simply setting forth a legal conclusion that phone calls were placed using an ATDS.  Courts in the Ninth Circuit and throughout the county have held that the failure to plead *facts* to support a claim that an ATDS is used warrant dismissal.  *E.g.*, *Ibey v. Taco Bell Corp.*, Case No. 12-CV-0583, 2012 U.S. Dist. LEXIS 91030, at *9 (S.D. Cal. June 18, 2012) (granting motion to dismiss where, "[i]n a conclusory manner, Plaintiff alleges that Defendant used an ATDS"); *Epps v. Earth Fare, Inc.*, Case No. CV 16-08221, 2017 U.S.

Dist. LEXIS 63439, at *15 (C.D. Cal. Feb. 27, 2017) (granting motion to dismiss where "[p]laintiff alleges, without more, that these messages were sent using an ATDS"); *Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 86-87 (D. Mass. 2013) ("A bare allegation that defendants used an ATDS is not enough. … Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim.") (cleaned up).  "Even where a plaintiff only presents conclusory allegations regarding the use of an ATDS, the allegations may be sufficient <u>where accompanied by specific allegations</u> which render plausible the use of an ATDS. *Lofton v. Verizon Wireless (VAW) LLC*, Case No. 13-cv-05665, 2015 U.S. Dist. LEXIS 34516, at *16 (N.D. Cal. Mar. 18, 2015) (emphasis added).

Here, Plaintiff fails to allege a single <u>fact</u> that would allow the Court to plausibly infer the use of an ATDS.  Instead, the entirety of the ATDS allegation is nothing more than a legal conclusion. (Compl. ¶ 10 ("Defendant used an 'automatic telephone dialing system', as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to sell or solicit its business services.").)  The lack of the scintilla of a factual pleading that would allow this Court to infer the use of an ATDS is fatal to Plaintiff's pleading, and dismissal pursuant to Rule 12(b)(6) is appropriate.

**IV.     In the Alternative, Defendants Move to Stay this Action**

In the event that the Court does not dismiss the Complaint, Tobias moves, in the alternative, to stay this action pending the forthcoming *Diguid* decision, wherein the Supreme Court granted certiorari to determine "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *Facebook, Inc. v. Duguid*, Docket No. 19-511, 2020 U.S. LEXIS 3559, at *1 (Jul. 9, 2020).  Oral argument in *Diguid* occurred on December 8, 2020, with a written opinion expected to follow.

*Diguid* will resolve a circuit split regarding the TCPA's definition of an ATDS.  The Seventh and Eleventh Circuits have held that a dialer must use a random or sequential number generator to qualify as an ATDS pursuant to the TCPA – i.e., a dialer must do more than simply dial from a list of numbers.  *Gadelhak v. AT&T Servs.*, 950 F.3d 458 (7th Cir. 2020), *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020).  On the other hand, the Second, Sixth, and Ninth Circuits have held that a dialer that calls from a list of phone numbers can qualify as an ATDS,

1  even if it does not utilize a random or sequential number generator.  *Duran v. La Boom Disco*, 955
2  F.3d 279 (2d Cir. 2020); -99); *Allan v. Pa. Higher Educ. Assistance Agency*, 968 F.3d 567, 570 (6th
3  Cir. 2020); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018).

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even in instances where those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).

When determining whether to grant a stay, courts weigh competing interests which will be affected by granting or denying such stay. Specifically, courts consider: (1) the possible damage that may result from the granting of the stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Here, the factors weigh in favor of granting a stay of proceedings pending the Supreme Court's resolution of *Facebook*.

<u>First</u>, no damage will result from granting the stay. In fact, the parties, as well as this court, will benefit from such a stay, as a stay pending the Supreme Court's decision will conserve the resources of the parties and the Court, as motion practice and discovery would be rendered wholly superfluous in the event that the Supreme Court sets forth an ATDS definition that would eliminate Plaintiff's claims in their entirety. In any event, moving forward with the certainty afforded from the Court's forthcoming ATDS definition would permit the parties to prosecute the case and obtain expert analysis congruent with the ultimate standard set forth by *Facebook*. *See Ricketts v. Consumers Energy Co.*, 2017 U.S. Dist. LEXIS 82501, at *6 (E.D. Mich. May 31, 2017) ("The difference between these [ATDS] definitions [under consideration by the D.C. Circuit] equates to a

difference in tens of thousands of dollars in expert fees related to the issue….").  The imminency of the forthcoming *Diguid* decision similar eliminates any undue prejudice to Plaintiff.  *Sealey v. Chase Bank U.S.A.*, Case No. 19-cv-07710, 2020 U.S. Dist. LEXIS 183537, at *6 (N.D. Cal. Sep. 29, 2020) (cleaned up) (granting a stay pending *Diguid*, reasoning that "[b]ecause the Supreme Court will resolve Facebook in its next term, and the stay will have a finite duration, the potential damage of the stay is minimized.").

Second, "the early stage of this litigation weighs in favor of a stay." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, Case No. C-14-3348, 2015 U.S. Dist. LEXIS 27953, at *2 (N.D. Cal. Mar. 6, 2015).  As a well-reasoned decision granting a stay pending Diguid, a Northern District Court reasoned, "the parties and the Court would have to engage in costly and time-consuming class action discovery and ongoing litigation, which could be wasted if the Supreme Court reverses the Ninth Circuit in *Duguid II*." *Aleisa v. Square, Inc.*, Case No. 20-cv-00806, 2020 U.S. Dist. LEXIS 188024, at *19 (N.D. Cal. Oct. 9, 2020).  *See also Evolutionary Intelligence LLC v. Yelp Inc.*, Case No. C-13-03587, 2013 U.S. Dist. LEXIS 178547 (N.D. Cal. Dec. 18, 2013) (granting stay where "only limited discovery had occurred, most of it restricted to the issue of venue; no trial date a discovery deadline has been set and only limited pretrial dates have been set....").

Third, staying this case to allow the Supreme Court to provide a definitive ATDS definition in *Facebook* is imperative, given that the decision will be <u>binding</u> on this Court.  *Diguid*'s resolution of courts' competing ATDS definitions (i.e., whether a dialer must utilize a random or sequential number generator) will be dispositive of this action, as Plaintiff alleges that the calls were made from an ATDS. (Compl. ¶ 10.)

Courts throughout the country are staying TCPA cases pending *Diguid* under similar circumstances.  *Trim v. Mayvenn, Inc.*, Case No. 20-cv-03917-MMC, 2020 U.S. Dist. LEXIS 205361, at *12-13 (N.D. Cal. Nov. 3, 2020) (granting stay);  *Aleisa*, 2020 U.S. Dist. LEXIS 188024, at *19; *Veytia v. Portfolio Recovery Assocs., LLC*, Case No. 20-CV-0341, 2020 U.S. Dist. LEXIS 161588, at *6 (S.D. Cal. Sep. 3, 2020) ("[t]he Supreme Court's decision will simplify a critical legal issue and streamline this Court's consideration of the instant matter."); *Blower v. Portfolio Recovery Assocs., LLC*, Case No. 19-cv-02270, 2020 U.S. Dist. LEXIS 130505, at *2 (S.D. Cal. July 23, 2020)

(accepting that the outcome of *Duguid* "is central to the dispute in the instant case"); *Frantz v. Force Factor, LLC*, Case No. 20-cv-1012, 2020 U.S. Dist. LEXIS 213941 (S.D. Cal. Nov. 13, 2020) (*Diguid* "will simplify the issues, narrow discovery, and potentially dispose of—or at least define— a necessary element of Plaintiff's claim."); *Canady v. Bridgecrest Acceptance Corp.*, Case No. CV-19-04738, 2020 U.S. Dist. LEXIS 161629, at *12 (D. Ariz. Sep. 3, 2020) ("[T]he outcome in *Facebook* has the potential to significantly narrow the issues in this case…."); *Jensen v. Roto-Rooter Servs. Co.*, Case No. C20-0223-JCC, 2020 U.S. Dist. LEXIS 151256, at *3 (W.D. Wash. Aug. 20, 2020); *Thompson v. Fluent, Inc.*, Case No. 20-CV-2680, 2020 U.S. Dist. LEXIS 224591 (S.D.N.Y. Nov. 29, 2020) ("a stay here conserves judicial resources and avoids unnecessary expense for a cause of action that may ultimately be rendered moot."); *Seefeldt v. Entm't Consulting Int'l*, Case No. 4:19-cv-00188, 2020 U.S. Dist. LEXIS 152058, at *4 (E.D. Mo. Aug. 21, 2020) ("[W]ithout resolution of *Duguid*, there would exist 'much more uncertainty about the TCPA at large and, specifically, the viability of plaintiff's claims.'").

## V.     PLAINTIFF'S CLASS CLAIMS SHOULD BE STRIKEN OR LIMITED

### A.     *Legal standard*

Although courts generally test the sufficiency of class claims during class certification, Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  The initial inquiry as to whether a class is certifiable is whether Plaintiff can meet the requirements set forth in Rule 23(a), which require that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  For the reasons discussed below, jurisdiction is lacking and precludes certification of the proposed nationwide class.

### B.     *Certification of a nationwide class is precluded because personal jurisdiction is lacking over putative class members lacking a connection to the forum state.*

The Supreme Court's 2017 *Bristol-Myers* decision and its progeny have ruled that a defendant

that is not subject to the general jurisdiction of the forum cannot be subject to claims from mass tort plaintiffs whose injuries occurred outside the forum. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1775 (2017). As such, for out-of-state defendants, personal jurisdiction only extends to plaintiffs where specific jurisdiction exists, i.e., the alleged questionable conduct has a connection with the forum state. In the TCPA context, this means that the phone call was directed to the state of California.

Here, the Court lacks general personal jurisdiction over Tobias because it maintains its principal place of business and is incorporated in the state of Florida. *See Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760 (2014) (Absent an "exceptional case," "the place of incorporation and principal place of business are paradigm bases for general jurisdiction.") (internal quotations omitted). Specific jurisdiction will only exist for telephone calls directed to putative class members that received telephone calls within the state of California. However, the proposed class definition extends to a nationwide class of individuals irrespective of any semblance of a connection to the forum state. Therefore, this Court lacks personal jurisdiction over Defendant with respect to the claims of non-Californian putative class members.

Tobias recognizes that courts around the country are split on whether the *Bristol-Myers* standard, extends to bar national class actions against out-of-state defendants. *See Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293 (D.C. Cir. 2020) (extending Bristol-Meyers to Rule 23 class actions); *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240 (5th Cir. 2020) (same). *But see Mussat v. Iqvia, Inc.*, 953 F.3d 441 (7th Cir. 2020) (refusing to extend Bristol-Myers to Rule 23 class actions).

While the Ninth Circuit has not resolved the issue, at least one district court in California recently acknowledged that *Bristol-Myers* may present the proper basis to challenge to nationwide class-based claims: "As to Defendant's personal jurisdiction argument, the Court acknowledges the law is unclear as to whether the Court may exercise personal jurisdiction over the claims of unnamed, non-California class members. . . . 'While some courts have applied *Bristol-Myers* to class actions, others have not.' . . . The Ninth Circuit and the Supreme Court … have yet to decide this issue.'" *Gadomski v. Equifax Info. Servs., LLC*, Case No. 2:17-cv-670, 2020 U.S. Dist. LEXIS 119792, *17-19 (citations omitted). While the court acknowledged that it had the authority to strike class

allegations at the pleadings stage of the case, it also noted that it also had "broad discretion to control the class certification process." *Id*. at *8-9.  Although *Gadomski* withheld a determination on the issue until class certification, *id.* at *19, Tobias respectfully submits that the question is ripe on the pleadings.[2]

Based on the foregoing authority, Tobias moves, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss this case for lack of personal jurisdiction as to putative class members whose claims do not arise in California.  Tobias alternatively moves, pursuant to Fed. R. Civ. P. 12(f), to strike all class allegations from the Complaint relating to the claims of putative class members not arising in California.

## VI.    CONCLUSION

For the foregoing reasons, Tobias respectfully requests that the Court dismiss the action for failure to state a claim, or in the alternative stay the proceedings and/or strike class claims with respect to those putative class members for which the Court lacks personal jurisdiction.

Respectfully submitted,

DATED:  January 8, 2021           **CARLSON & MESSER LLP**

By      */s/*  David J. Kaminski
David J. Kaminski
Stephen A. Watkins
Attorneys for Defendant Tobias & Associates, Inc. d/b/a Get Me Healthcare

---

[2] Notwithstanding the lack of clear guidance from the Ninth Circuit, Tobias raises this personal jurisdiction on the pleadings so as to not potentially waive the argument. *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 164 (S.D. Cal. 2019) ("Challenges to alleged defects in a district court's personal jurisdiction are expressly waived unless a defendant timely asserts the defense in a motion to dismiss or in a responsive pleading.").

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing was filed with the Court's ECF system on January 8, 2021, which will notify all counsel of record in this matter.

**CARLSON & MESSER LLP**

/s/ David J. Kaminski