Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NEIL SILVER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**TOBIAS & ASSOCIATES INC., d/b/a GET ME HEALTHCARE**; DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No. 4:20-cv-07382-JSW<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, NEIL SILVER ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

///
///

---

**FIRST AMENDED CLASS ACTION COMPLAINT**
-1-

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of TOBIAS & ASSOCIATES INC. d/b/a GET ME HEALTHCARE, ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227, *et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Florida corporation. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. Jurisdiction is also proper under 28 U.S.C. § 1331, as this action arises under a law of the United States, the TCPA

3. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Defendant does business within this District, and a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff NEIL SILVER ("Plaintiff") is a natural person residing in Marin County, California and is a "person" as defined by 47 U.S.C. § 153 (39).

5. Defendant TOBIAS & ASSOCIATES INC. d/b/a GET ME HEALTHCARE ("Defendant"), is a corporation which sells insurance products

and services, and is a "person" as defined by 47 U.S.C. § 153 (39).

6. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning in or around December of 2019 or January of 2020, Defendant began placing calls to Plaintiff on his telephone number ending in -5583, in an effort to sell or solicit its products and/or services.

9. Defendant called Plaintiff on his telephone from phone number (855) 927-0729, confirmed to belong to Defendant.

10. When Plaintiff answered Defendant's calls, he often heard an artificial or prerecorded voice which offered him the opportunity to press a number on his telephone keypad if he wished to no longer receive telephone calls from Defendant.

11. Defendant's use of an artificial or prerecorded voice as set forth above is also indicative of the use of an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1).

12. Thus, Plaintiff is informed and believes and thereon alleges that

Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff seeking to sell or solicit its products or services.

13. On multiple occasions, Plaintiff pressed the number on his telephone keypad to indicate that he no longer wished to receive calls from Defendant, as instructed by the artificial or prerecorded voice which he heard when answering Defendant's calls. Despite this, Defendant's calls to Plaintiff in an attempt to solicit Defendant's products or services continued throughout at least the month of January 2020.

14. In addition, on multiple occasions, Plaintiff spoke with a live representative of Defendant when answering Defendant's telephone calls. Plaintiff advised the live representatives that he wished for Defendant to cease placing these calls to him. Despite this, Defendant's calls to Plaintiff in an attempt to solicit Defendant's products or services continued throughout at least the month of January 2020.

15. Defendant's calls to Plaintiff constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls to Plaintiff were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Plaintiff is not a customer of Defendant's products or services.

18. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

19. As set forth above, on multiple occasions, Plaintiff clearly communicated his request to Defendant that Defendant stop placing telephone calls to him. While Plaintiff maintains that he did not give Defendant "prior express consent" to receive calls using an automatic telephone dialing system or an artificial

or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A), to the extent that any such consent ever existed, it was clearly revoked by Plaintiff.

20. These calls by Defendant, or its agent(s), to Plaintiff, in an attempt to solicit Defendant's products and/or services, as set forth above, violated 47 U.S.C. § 227(b)(1).

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the proposed class (hereinafter "the Class"), which is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls, within the four years prior to the filing of the Complaint in this action through the date of class certification.

22. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within four years prior to the filing of the Complaint in this action through the date of class certification.

23. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified

as a class action to assist in the expeditious litigation of the matter.

24. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class include thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

25. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain charges or reduced telephone time for which Plaintiff and the Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members.

26. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of the Complaint in this action through the date of class certification, Defendant or its agent made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damaged

thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system and an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.

28. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

29. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all members of the Class is impracticable. Even if every member of the Class could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class.

30. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class not parties to such adjudications or that would substantially impair or impede the ability of such non-party members to protect their interests.

31. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to

the members of the Class as a whole.

# FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(b)

### On Behalf of Plaintiff and the Class

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(b)

### On Behalf of Plaintiff and the Class

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class members are entitled to an award of

$1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION
## Negligent Violations of the Telephone Consumer Protection Act
## 47 U.S.C. § 227(b)

- As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B); and
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION
## Knowing and/or Willful Violations of the Telephone Consumer Protection Act
## 47 U.S.C. § 227(b)

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C); and
- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

40. Pursuant to his rights under the Seventh Amendment to the United States Constitution, Plaintiff demands a jury on all issues so triable.

///

Respectfully Submitted this 22nd day of January, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s Todd M. Friedman
        Todd M. Friedman
        Attorney for Plaintiff

**FIRST AMENDED CLASS ACTION COMPLAINT**
**-10-**

Filed electronically on this 22nd day of January, 2021, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable District Judge Jeffrey S. White
United States District Court
Northern District of California

and all Counsel of Record as Recorded on the Electronic Service List.

This 22nd day of January, 2021

<u>/s/Todd M. Friedman, Esq.</u>
Todd M. Friedman
Attorney for Plaintiff

**FIRST AMENDED CLASS ACTION COMPLAINT**
-11-