UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL SILVER,<br><br>          Plaintiff,<br><br>     v.<br><br>TOBIAS & ASSOCIATES INC.,<br><br>          Defendant. | Case No. 20-cv-07382-JSW<br><br>**ORDER TO SHOW CAUSE REGARDING CAFA JURISDICTION AND VACATING HEARING ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 27, 32 |

On January 22, 2021, Plaintiff filed his First Amended Complaint ("FAC"). (Dkt. No. 27.) In his FAC, Plaintiff asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. section 1331. (*Id.* ¶ 2.) Defendant challenges whether federal question jurisdiction exists, and the Court will address this issue when it resolves Defendant's pending motion to dismiss the FAC. (*See* Dkt. No. 32.) Of relevance here is Plaintiff's assertion that this Court also has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d)(2). (FAC ¶ 2).

A party seeking to invoke CAFA jurisdiction must establish, among other things, that "minimal diversity" exists. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005). One may demonstrate minimal diversity by showing that "any class member is a citizen of a state different from any defendant." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007); *see also* 28 U.S.C. § 1332(d)(2)(A). While CAFA does not require "complete diversity," *see Serrano*, 478 F.3d at 1021, this does not discharge one's burden to "allege affirmatively the citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A "natural person's state citizenship is . . . determined by [his or] her state of domicile, not

[his or] her state of residence." *Id.*; *see also Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 884 (9th Cir. 2013) (noting that just because a person "may have a residential address in California does not mean that person is a citizen of California"). Accordingly, allegations of a person's state of residence, alone, are insufficient to establish his or her citizenship. *See, e.g.*, *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) (concluding that a plaintiff's allegation that he was a "resident of Oregon" was insufficient to establish diversity jurisdiction); *Woodruff v. Premium Cap. Funding, LLC*, No. C 09-3300 VRW, 2009 WL 10694370, at *3 (N.D. Cal. Oct. 21, 2009) ("A statement indicating a party's 'residency' does not sufficiently allege her citizenship.'").

Here, Plaintiff alleges that minimal diversity exists because he is a "natural person residing in Marin County, California" and Defendant is a "Florida corporation." (FAC ¶¶ 2, 4.) Absent more, Plaintiff's current assertion of his state of residence is insufficient to establish his citizenship. *See Cantlen*, 57 F.3d at 774; *Woodruff*, 2009 WL 10694370, at *3. Because Plaintiff's current allegations are inadequate, the Court cannot determine whether there is minimal diversity and, subsequently, whether CAFA jurisdiction exists.

Accordingly, Plaintiff is HEREBY ORDERED TO SHOW CAUSE in writing by no later than March 22, 2021, that the minimal diversity of citizenship necessary for CAFA jurisdiction exists.

It is FURTHER ORDERED that, the Court has considered the parties' papers regarding Defendant's motion to dismiss the FAC, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the Court HEREBY VACATES the hearing set for March 26, 2021. A written ruling on the motion shall issue in due course.

**IT IS SO ORDERED.**

Dated: March 15, 2021

JEFFREY S. WHITE
United States District Judge

2